**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EDDIE DAN AGUILERA,

      Plaintiff,

v.                                        No. 2:22-cv-00078-KRS

KEN MIYAGISHIMA,
MIGUEL DOMINGUEZ,
CITY OF LAS CRUCES, and
FNU LNU Nos. 1-22,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND
ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 2, 2022 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 2, 2022.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's income during the past 12 months includes $445.00 "this month," $1,000.00 per month from June through December, 2021, and $4,000.00 per month in April and May, 2021; (ii) Plaintiff's monthly expenses total $1,850.00; (iii) Plaintiff has $0.00 in cash and $7.50 in bank accounts; and (iv) Plaintiff has three children, ages 5, 12 and 16 years old, who rely on him for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings, his monthly expenses exceed his low current monthly income, and his three children rely on him for support.

**The Complaint**

The Complaint asserts claims pursuant to 42 U.S.C. § 1983 against the City of Las Cruces, the Mayor of Las Cruces Ken Miyagishima, the Chief of the Las Cruces Police Department Miguel Dominguez, ten unknown City of Las Cruces employees, five unknown Las Cruces Police Officers, five unknown "911 operators," and two unknown "civilians." Complaint at 1-2.

Many of the allegations in the Complaint are conclusory and vague stating that unknown persons and police officers "bring harm to me and my family," "placed the community in danger," "refused to fulfill an oath," do "not want me living in the city of las cruces," "simply make an appearance and leave or fail to even show up" after 911 calls, and "have allowed a number of non city employees chase me at high rates of speed through[ou]t the city streets without a care or concern for any of the city people." Complaint at 2-3. Plaintiff also alleges that "this is a massive case of corruption these people have ruined my life in whole they have interfered with all aspects of my personal life they have in one way or another played a role in all my friend[s] severing all ties." Complaint at 4; *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

The only allegations stated with some particularity state:

I was arrest[ed] on the 12, Jan 2022 the officer unlawfully stop my vehical fabricated a story and [illegible] arrested me. 4 days later an officer waited for me at my home and then rearrested me for a warrent from 2020
...
in Jan 2022, two gentelmen tried to kill me at two in the mornin I found them in the middle of the desert with a fire arm in a city vehical with Lic ending in 7224 called the cops and they simply told me I needed to see a psychologist fact are to be added.

Complaint at 5. Plaintiff attached to the Complaint a Las Cruces Police Department "Citizen Complaint Form" in which Plaintiff asserts, among other things, that Las Cruces Police Officer Ibarra Guillermo, who is not named as a defendant in this action, arrested Plaintiff on January 12, 2022, without cause, and used excessive force causing Plaintiff to lose consciousness and breaking Plaintiff's fingers. See Doc. 1-1.

The Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 against the named Defendants.   There are no factual allegations regarding Defendants Miyagishima and Dominguez.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").   There are no allegations showing that a City of Las Cruces policy or custom was the moving force behind the alleged constitutional deprivations.  *See McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)) ("To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation").

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against the unknown Defendants because it does not state with particularity what each unknown Defendant did to Plaintiff, when the unknown Defendants committed these alleged unspecified actions, how those actions harmed Plaintiff or what specific legal right Plaintiff believes each unknown Defendant violated.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d at 1163.

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also*

*Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Amended Complaint on Defendant at this time because the Complaint fails to state a claim over which the Court has jurisdiction. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 2, 2022, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

**UNITED STATES MAGISTRATE JUDGE**