IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE DAN AGUILERA,

        Plaintiff,

v.                                                                                                                          No. 2:22-cv-00078-DHU-KRS

CITY OF LAS CRUCES,
KEN MIYAGISHIMA, and
MIGUEL DOMINGUEZ,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's:

(i)      Amend[e]d Criminal Comp[l]aint, Doc. 7, filed February 22, 2022.

(ii)     Motion for Summary Judgment, Doc. 8, filed February 22, 2022.

(iii)    Amended Motion for Summary Judgment, Doc. 9, filed March 14, 2022.

(iv)    Motion for Order to Show Cause, Doc.10, filed March 14, 2022.

(v)     Second Motion for Order to Show Cause, Doc. 11, filed March 14, 2022.

**Background**

Plaintiff asserted claims pursuant to 42 U.S.C. § 1983 against the City of Las Cruces, the Mayor of Las Cruces Ken Miyagishima, the Chief of the Las Cruces Police Department Miguel Dominguez, ten unknown City of Las Cruces employees, five unknown Las Cruces Police Officers, five unknown "911 operators" and two unknown "civilians." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1-2, Doc. 1, filed February 2, 2022.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff:

The Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 against the named Defendants. There are no factual allegations

> regarding Defendants Miyagishima and Dominguez. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). There are no allegations showing that a City of Las Cruces policy or custom was the moving force behind the alleged constitutional deprivations. *See McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)) ("To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation").
>
> The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against the unknown Defendants because it does not state with particularity what each unknown Defendant did to Plaintiff, when the unknown Defendants committed these alleged unspecified actions, how those actions harmed Plaintiff or what specific legal right Plaintiff believes each unknown Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d at 1163.

Mem. Op. and Order at 4, Doc. 6, filed February 7, 2022. Judge Sweazea ordered Plaintiff to file an amended complaint.

**The Amended Complaint**

The Amended Complaint asserts claims the City of Las Cruces, the Mayor of Las Cruces Ken Miyagishima, the Chief of the Las Cruces Police Department Miguel Dominguez pursuant to 42 U.S.C. § 1983. The Amended Complaint does not list any unnamed defendants.

The factual allegations describe two encounters Plaintiff had with police officers. The first encounter occurred "on or about January 12, 2022" and involved Plaintiff being arrested and "assaulted" by an unidentified police officer. *See* Amended Complaint at 2-4. In the second encounter Plaintiff states an unidentified police officer pulled Plaintiff over for a taillight that was not working and informed Plaintiff that Plaintiff had a warrant. *See* Amended Complaint at 4-5. The Amended Complaint does not indicate when the second encounter occurred, but it

appears it occurred after the first encounter because Plaintiff states that during the second encounter he told the police officer that the information about a warrant "must be wrong as I was just in jail and if there was a war[ra]nt the previous arresting office[r] would have completed his sworn duty." Amended Complaint at 5. Plaintiff also alleges that an unidentified person accessed and used Plaintiff's phone. *See* Amended Complaint at 7-8.

The Court dismisses Plaintiff's claims the City of Las Cruces, the Mayor of Las Cruces Ken Miyagishima, the Chief of the Las Cruces Police Department Miguel Dominguez pursuant to 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted. Despite Judge Sweazea notifying Plaintiff of the allegations necessary to state a claim pursuant to 42 U.S.C. § 1983, there are no factual allegations in the Amended Complaint regarding Defendants City of Las Cruces, Miyagishima and Dominguez.

Unlike his original Complaint which listed unnamed police officers and other unknown Defendants, the Amended Complaint only names the City of Las Cruces, the Mayor of Las Cruces Ken Miyagishima, the Chief of the Las Cruces Police Department Miguel Dominguez as Defendants. The Amended Complaint does not list the unnamed police officers or the unnamed person who accessed and used Plaintiff's phone as Defendants. However, because Plaintiff is proceeding *pro se*, the Court reviews his pleadings liberally and under a less stringent standard than applied to pleadings drafted by attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Johnson v. Johnson,* 466 F.3d 1213, 1214 (10th Cir.2006) (per curiam). "[I]n a *pro se* case when the plaintiff names the wrong defendant in the caption ... courts may look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. United States Gov't,* 472 F.3d 1242, 1243 (10th Cir.2007) (italics added).

Liberally construed, Plaintiff's Amended Complaint seeks to hold the unnamed police officers and the unnamed person who accessed his phone responsible for violating his constitutional rights because the bulk of the complaint is devoted to listing the wrongs allegedly visited upon him by these unnamed persons. Consequently, the Court will not dismiss the Amended Complaint at this time. *See Sheridan v. U.S.*, 214 Fed.Appx. 857, 859 (10th Cir. 2007) (holding that the district court erred by construing plaintiff's *pro se* complaint strictly according to its caption and dismissing it under this construction").

The Court grants Plaintiff an opportunity to file a second amended complaint to list the unnamed police officers and the unnamed person who accessed his phone as Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996) ("Numerous cases in this and other circuits have established that, when the substance of a *pro se* civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint"). The Court reminds Plaintiff that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Amended Complaint on the unnamed police officers and the unnamed person who accessed his phone at this time because the Court is ordering Plaintiff to

file a second amended complaint. The Court will order service if Plaintiff files a second amended complaint that states a claim over which the Court has jurisdiction and provides names and addresses of each Defendant.

**Motions for Summary Judgment**

Plaintiff's Motion for Summary Judgment states:

> these officer have created a hostile living environment for myself I am no longer welcome by the citizin who make the city of las Cruces when I was released by County Jail officials steaming from my second incarceration. I had been exposed to Covid 19 ... I no have come into contact with a bad infection named "MRSA" ... I went to 4 hospitals in the City of las Cruces where I was ... denied medical treatment I final made my way to a hospital local in El paso tx ... I was offered employment there WKS a company out of California on or around Jan 19, 2022 but yet my name does not appear on the scheduale with no reason for these actions I can only assume city officials must have something to do with this these officer pose a threat to my safty my wellbeing and my lively hood ... I hereby beg the honerable Judge Kevin R Sweazea allow me to present my evidence ... to the Courts thereof making a reasonable judgement grant my motion which will allow me relocate and start my life else where.

Motion for Summary Judgment at 1-3.

Plaintiff's Amended Motion for Summary Judgment states:

> [I] was calling the Las Cruces police department because I thought my life was in great danger, when officer failed to render aid I called 911 Dispatch asking why they would not assist with the situation that was unfolding I then notified the person on the phone with me who was a 911 operator that I would break a window from the police Department so they can take me to jail. Several officers then showed up to address the situation at which point I remember that I had missed a court date from one of my recent encounteres with police officers at which point I notified them of the fact that I had a warrent the Sergent ran my name and placed me under arrest transporting me to Don Ana County Jail.

Amended Motion for Summary Judgment at 2-3. Plaintiff also alleges that an officer took Plaintiff's phone during the booking process. Plaintiff later saw several people who "looked very familiar." Amended Motion for Summary Judgment at 4-5.

5

The Court denies Plaintiff's Motions for Summary Judgment because the Court has dismissed the claims against the named Defendants. Furthermore, Plaintiff has not shown there is no genuine dispute as to any material facts and has not cited to particular parts of materials in the record as required by Fed. R. Civ. P. 56(c) and D.N.M.LR-Civ. 56.1(b).

**Plaintiff's Motions for Order to Show Cause**

Plaintiff's Motion for Order to Show Cause states:

> Im now very shakey, I cant think due to the possibly of introduction of chemicals into my body by the agencies thru out the course of the night. I beg that the court can expedite the proceeding or for now at least to go out of state my family and I are in danger my family is [illegible] I had left my hat on the table with the one idenical to mine but it had a [illegible] on the rim and now I cant see my eyes feel like they have a coat on them I cant think straight

> later on in the evening 1035 pm exact time a large number of police pulled us over with guns ready to shoot however I complied to the t. they detained me for 10 minutes more or less the car had been stolen around 3 weeks prior but a female detective called her to verify the car was recovered. so that what happ yesterday. Please believe me your honer these people are not playing

Motion for Order to Show Cause at 1-3.

The Court denies Plaintiff's Motion to expedite these proceedings as moot because the Court is already advancing these proceedings expeditiously. Judge Ritter granted Plaintiff's motion to proceed in forma pauperis and reviewed Plaintiff's Complaint less than a week after Plaintiff filed them. The undersigned is addressing in this Order Plaintiff's Amended Complaint and Plaintiff's four motions which Plaintiff filed on February 22, 2022, and March 14, 2022.

Plaintiff's Second Motion for Order to Show Cause states: "I here by beg the court if you go against request for summary judment that I be under supervision of the marshals. I ask two marshells be asinged to secure my family." Second Motion for Order to Show Cause at 1.

The Court denies Plaintiff's Second Motion for Order to Show Cause because Plaintiff has not stated with particularity the grounds for placing Plaintiff and his family under

supervision of the United States Marshals Service.  *See* D.N.M.LR-Civ. 7.1(a) ("A motion must ... state with particularity the grounds and the relief sought").  Nor has Plaintiff cited any legal authority in support of his request for supervision by the United States Marshals Service.  *See* D.N.M.LR-Civ. 7.3(a).

**IT IS ORDERED** that:

(i) The claims against Defendants City of Las Cruces, Ken Miyagishima and Miguel Dominguez pursuant to 42 U.S.C. § 1983 are **DISMISSED without prejudice.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file a second amended complaint with the names and addresses of the unidentified police officers and the unidentified person who accessed Plaintiff's phone.  Failure to timely file a second amended complaint may result in dismissal of this case.

(iii) Plaintiff's Motion for Summary Judgment, Doc. 8, filed February 22, 2022, is **DENIED.**

(iv) Plaintiff's Amended Motion for Summary Judgment, Doc. 9, filed March 14, 2022, is **DENIED.**

(iv) Plaintiff's Motion for Order to Show Cause, Doc.10, filed March 14, 2022, is **DENIED.**

(v) Plaintiff's Second Motion for Order to Show Cause, Doc. 11, filed March 14, 2022, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**