IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE DAN AGUILERA,

        Plaintiff,

v.                                                                               No. 2:22-cv-00078-DHU-KRS

CITY OF LAS CRUCES,
KEN MIYAGISHIMA,
MIGUEL DOMINGUEZ,
GUILLERMO IBARRA,
JAIME ARROYO, and
CHRISTOPHER GAMEZ,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DISMISSING CLAIMS AND REGARDING SERVICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's:

(i)      Second Amended Complaint, Doc. 17, filed March 29, 2022.

(ii)     Motion to Serve Ken Miyagishima, Doc. 13, filed March 16, 2022.

(iii)    Motion to Serve Miguel Dominguez, Doc. 14, filed March 16, 2022.

(iv)    Motion to Serve City of Las Cruces, Doc. 15, filed March 16, 2022.

(v)     Second Motion to Serve Ken Miyagishima, Doc. 18, filed March 29, 2022.

(vi)    Second Motion to Serve Miguel Dominguez, Doc. 19, filed March 29, 2022.

(vii)   Second Motion to Serve City of Las Cruces, Doc. 20, filed March 29, 2022.

**Background**

Plaintiff asserted claims pursuant to 42 U.S.C. § 1983 against the City of Las Cruces, the

Mayor of Las Cruces Ken Miyagishima, the Chief of the Las Cruces Police Department Miguel

Dominguez, ten unknown City of Las Cruces employees, five unknown Las Cruces Police

Officers, five unknown "911 operators" and two unknown "civilians."  Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1-2, Doc. 1, filed February 2, 2022.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff: (i) The Complaint failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 against Defendants; and (ii) To state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.  *See* Mem. Op. and Order at 4, Doc. 6, filed February 7, 2022 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)("to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated")).  Judge Sweazea ordered Plaintiff to file an amended complaint.

Despite Judge Sweazea's notice of the allegations necessary to state a claim, the Amended Complaint asserted claims against Defendant City of Las Cruces, Miyagishima, and Dominguez pursuant to 42 U.S.C. § 1983 but did not contain any factual allegations regarding Defendants City of Las Cruces, Miyagishima and Dominguez.  *See* Amended Complaint, Doc. 7, filed February 22, 2022.  The undersigned dismissed Plaintiff's claims against Defendants City of Las Cruces, Miyagishima, and Dominguez for failure to state a claim upon which relief can be granted.  *See* Mem. Op. and Order, Doc. 16, filed March 21, 2022.

Liberally construing Plaintiff's Amended Complaint because Plaintiff is proceeding *pro se*, the undersigned found that the Amended Complaint sought to hold two unnamed police officers who had encounters with Plaintiff and an unnamed person who accessed Plaintiff's

phone responsible for violating his constitutional rights because the bulk of the complaint is devoted to listing the wrongs allegedly visited upon him by these unnamed persons.  *See* Doc. 16.  The Court granted Plaintiff an opportunity to file a second amended complaint to list the unnamed police officers and the unnamed person who accessed his phone as Defendants.  The Court also reminded Plaintiff that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  Doc. 16 at 4 (quoting *Nasious*, 492 F.3d at 1163).

**Second Amended Complaint**

The Second Amended Complaint asserts claims against: (i) Defendants City of Las Cruces, Miyagishima, and Dominguez; (ii) City of Las Cruces Police Officer Guillermo Ibarra based on an encounter on January 12, 2022, *see* Second Amended Complaint at 9-11; (iii) City of Las Cruces Police Officer Jaime Arroyo based on an encounter on January 18, 2022, *see* Second Amended Complaint at 12-13; and (iv) City of Las Cruces Police Officer Christopher Gamez  based on an encounter on January 30, 2022, *see* Second Amended Complaint at 14-15.

The Court dismisses the claims against Defendants City of Las Cruces, Miyagishima, Dominguez and Gamez because there are no factual allegations in the Second Amended Complaint regarding Defendants City of Las Cruces, Miyagishima, Dominguez and Gamez.

The Court dismisses the claims against Defendant Arroyo.  The factual allegations regarding Defendant Arroyo state Defendant Arroyo: (i) "proceeded to conduct a traffic stop for what he said was an out tail light;" (ii) "arrested [Plaintiff] for an outstanding warr[a]nt from 2020" and (iii) took Plaintiff "to County Jail."  Complaint at 5.  There are no factual allegations indicating that Defendant Arroyo violated Plaintiff's civil rights.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d).

The Court denies Plaintiff's motions to serve Defendants City of Las Cruces, Miyagishima, and Dominguez because it is dismissing the claims against Defendants City of Las Cruces, Miyagishima, and Dominguez.

The Court will not serve Defendants Arroyo and Gamez because it is dismissing the claims against Defendants Arroyo and Gamez for failure to state a claim.

The Court will not serve Defendant Ibarra at this time because Plaintiff has not provided Defendant Ibarra's address for service. *See* Doc. 16 at 5 (notifying Plaintiff the Court will order service if Plaintiff provides Defendant's address). The Court will order service on Defendant Ibarra if Plaintiff files a motion for service which includes Defendant Ibarra's address.

**IT IS ORDERED** that:

(i) The claims against Defendants City of Las Cruces, Ken Miyagishima, Miguel Dominguez, Jaime Arroyo and Christopher Gamez are **DISMISSED without prejudice.**

(ii) The following motions filed by Plaintiff are **DENIED:**

    (a) Motion to Serve Ken Miyagishima, Doc. 13, filed March 16, 2022.

    (b) Motion to Serve Miguel Dominguez, Doc. 14, filed March 16, 2022.

    (c) Motion to Serve City of Las Cruces, Doc. 15, filed March 16, 2022.

    (d) Second Motion to Serve Ken Miyagishima, Doc. 18, filed March 29, 2022.

    (e) Second Motion to Serve Miguel Dominguez, Doc. 19, filed March 29, 2022.

  (f) Second Motion to Serve City of Las Cruces, Doc. 20, filed March 29, 2022.

_____
**UNITED STATES DISTRICT JUDGE**