IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE DAN AGUILERA,

    Plaintiff,

v.                                                      No. 2:22-cv-00078-DHU-KRS

CITY OF LAS CRUCES,
KEN MIYAGISHIMA,
MIGUEL DOMINGUEZ,
GUILLERMO IBARRA,
JAIME ARROYO, and
CHRISTOPHER GAMEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff filed his original Complaint on February 2, 2022. *See* Doc. 1. Plaintiff is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915(d). *See* Doc. 6, filed February 7, 2022 (granting Plaintiff's motion to proceed *in forma pauperis*). Section 1915 provides that the "officers of the court shall issue and serve all process ... in [proceedings *in forma pauperis*]". 28 U.S.C. § 1915(d).

The United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that Plaintiff's Complaint failed to state a claim, ordered Plaintiff to file an amended complaint and notified Plaintiff that the Court will order service if Plaintiff files an amended complaint that states a claim over which the Court has jurisdiction and also files a motion for service which provides Defendants' addresses. *See* Doc. 6 at 4-5.

Plaintiff filed his Amended Complaint on February 22, 2022. *See* Doc. 7. The undersigned dismissed some of the claims in the Amended Complaint asserted in the Amended Complaint, ordered Plaintiff to file a second amended complaint and notified Plaintiff:

> The Court will not order service of Summons and Amended Complaint on the unnamed police officers and the unnamed person who accessed his phone at this time because the Court is ordering Plaintiff to file a second amended complaint. The Court will order service if Plaintiff files a second amended complaint that states a claim over which the Court has jurisdiction and provides names and addresses of each Defendant.

Doc. 16 at 4-5, filed March 21, 2022.

Plaintiff filed his Second Amended Complaint on March 29, 2022. *See* Doc. 17. The undersigned dismissed the claims in the Second Amended Complaint asserted against all Defendants except for Defendant Ibarra and notified Plaintiff:

> The Court will not serve Defendant Ibarra at this time because Plaintiff has not provided Defendant Ibarra's address for service. *See* Doc. 16 at 5 (notifying Plaintiff the Court will order service if Plaintiff provides Defendant's address). The Court will order service on Defendant Ibarra if Plaintiff files a motion for service which includes Defendant Ibarra's address.

Doc. 21, filed May 3, 2022.

On June 9, 2022, Judge Sweazea notified Plaintiff that Plaintiff has not provided the address for the sole remaining Defendant in this case, ordered Plaintiff to file a motion for service which provides Defendant Ibarra's address and notified Plaintiff that failure to timely file the motion with Defendant Ibarra's address may result in dismissal of this case. *See* Doc. 22. Plaintiff did not file a motion for service providing the address for the sole remaining Defendant in this case by the June 30, 2022, deadline.

The Court dismisses this case without prejudice because of Plaintiff's failure to comply with Judge Sweazea's Order to provide the address of the sole remaining Defendant in this case.

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would

be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003).

The Court finds that prejudice to Defendant Ibarra is minimal because he has not been served yet. Despite the Court notifying Plaintiff four times that he must provide addresses for service (*see* Doc. 6 at 5, Doc 16 at 5, Doc. 21 at 4, Doc. 22 at 2) and Judge Sweazea's clear warning that failure to provide Defendant Ibarra's address may result in dismissal of this case, it has been over four months since Plaintiff filed his original Complaint and Plaintiff has not provided Defendant Ibarra's address. This case cannot proceed until the sole Defendant in the case has been served. The Court finds Plaintiff is culpable for not providing Defendant Ibarra's address because Plaintiff has previously filed motions for service on other Defendants and provided their addresses. *See* Doc. 14, Doc. 15, Doc. 18, Doc. 19, Doc. 20. It appears that monetary sanctions would not likely be effective because Plaintiff is proceeding *in forma pauperis*. It also appears that nonmonetary sanctions would not be effective because Plaintiff has not complied with or otherwise responded to Judge Sweazea's simple order to provide Defendant Ibarra's address. Finally, dismissal of this case does not unjustly penalize Plaintiff because the Court is dismissing this case without prejudice.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**