IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE DAN AGUILERA,

        Plaintiff,

v.                                       No. 2:22-cv-00078-DHU-KRS

CITY OF LAS CRUCES,
KEN MIYAGISHIMA,
MIGUEL DOMINGUEZ,
GUILLERMO IBARRA,
JAIME ARROYO, and
CHRISTOPHER GAMEZ,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REOPEN CASE

        Plaintiff, who is proceeding *pro se*, filed his original Complaint on February 2, 2022. *See* Doc. 1. United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that Plaintiff's Complaint failed to state a claim, ordered Plaintiff to file an amended complaint and notified Plaintiff that the Court will order service if Plaintiff files an amended complaint that states a claim over which the Court has jurisdiction and also files a motion for service which provides Defendants' addresses. *See* Doc. 6 at 4-5, filed February 7, 2022.

        Plaintiff filed his Amended Complaint on February 22, 2022. *See* Doc. 7. The undersigned dismissed some of the claims in the Amended Complaint asserted in the Amended Complaint, ordered Plaintiff to file a second amended complaint and notified Plaintiff that the Court will order service if Plaintiff files a second amended complaint that states a claim over which the Court has jurisdiction and provides names and addresses of each Defendant. *See* Doc. 16 at 4-5, filed March 21, 2022.

Plaintiff filed his Second Amended Complaint on March 29, 2022.  *See* Doc. 17.  The undersigned dismissed the claims in the Second Amended Complaint asserted against all Defendants except for Defendant Ibarra and notified Plaintiff that he has not provided Defendant Ibarra's address for service.  *See* Doc. 21, filed May 3, 2022.

On June 9, 2022, Judge Sweazea notified Plaintiff that Plaintiff has not provided the address for the sole remaining Defendant in this case, ordered Plaintiff to file a motion for service which provides Defendant Ibarra's address and notified Plaintiff that failure to timely file the motion with Defendant Ibarra's address may result in dismissal of this case.  *See* Doc. 22.  Plaintiff did not file a motion for service providing the address for Defendant Ibarra by the June 30, 2022, deadline.

The Court dismissed this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) because of Plaintiff's failure to comply with Judge Sweazea's Order to provide the address of the sole remaining Defendant in this case.  *See* Doc. 23, filed August 4, 2022.

Plaintiff now asks the Court to reopen this case.  *See* Motion to Reopen, Refill [sic] and or Amend Complaint, and or Defendents [sic], Doc. 25, filed December 7, 2022.  Plaintiff's Motion to Reopen states in its entirety:

> I here by plead the Courts to allow me to reopen case # 22-00078 in light of new evidence that shows a high number of officers direct involvment in acts taken to cause direct harm upon me either physicaly and or mentaly.

[sic] Motion to Reopen at 1.

"A case may be reopened under Rule 60(b) for a variety of reasons."  *Brewer v. City of Overland Park Police Dept.*, 24 Fed.Appx. 977, 978 (10th Cir. 2002).  Rule 60 provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

2

>    **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
>    **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    **(4)** the judgment is void;
>
>    **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191–92 (10th Cir. 2018).

The Court denies Plaintiff's Motion to Reopen this case. The only ground for reopening this case that Plaintiff asserts is "new evidence." Plaintiff does not describe the new evidence, does not show that he could not have previously discovered the new evidence with reasonable diligence, and does not set forth any argument regarding exceptional circumstances that would warrant reopening this case.

**IT IS ORDERED** that Plaintiff's Motion to Reopen, Refill [sic] and or Amend Complaint, and or Defendents [sic], Doc. 25, filed December 7, 2022, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**